IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01986-REB-MEH

JEFFREY LEONARD VELASQUEZ,

Plaintiff(s),

v.

JOE ORTIZ, Director of Department of Correction;
THOMAS MISEL;
CHARLES OLIN;
PAT MONTEZ; and
REBECCA ERNSTER;

Defendant(s).

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before this Court is the Plaintiff's request for free transcripts of hearing(s) from his state criminal conviction proceedings, based upon his *in forma pauperis* status. If Plaintiff is successful in this case, he will be allowed to recover the costs of this action under Fed.R.Civ.P. 54. Advancement of litigation costs is not provided by statute or by rule. This is a civil case, and not a part of or connected to any criminal proceedings.

Further, Plaintiff's *in forma pauperis* status does not provide a basis for such an order. The statute governing *in forma pauperis* proceedings indicates that:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore. . . .

28 U.S.C. § 1915(a).

"Fees" or "costs," for indigent litigants under 28 U.S.C. § 1915 refer generally to court costs, or the fees imposed by officers of the court such as the clerk or marshal, to taxable costs to be recovered by the adverse party, or to mileage and attendance fees for prospective witnesses. Robert F. Koets, *What Constitutes "Fees" or "Costs" Within Meaning of Federal Statutory Provision (28 U.S.C.A. § 1915 and Similar Predecessor Statutes) Permitting Party to Proceed In Forma Pauperis Without Prepayment of Fees and Costs or Security Therefor*, 142 A.L.R. Fed. 627 (1997). Payment of a civil *in forma pauperis* litigant's costs of obtaining transcripts of criminal proceedings is not envisioned under statutory authority, and this Court has no such funds available. In *United States v. MacCollom*, 426 U.S. 317, 321 (1976), the Supreme Court held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." There is no congressional authorization for the courts to pay or advance the transcript costs proposed by the Plaintiff in civil cases like this one.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Free Transcripts From the Tenth Judicial Department [Filed November 17, 2006; Document #11] is **denied.**

Dated at Denver, Colorado, this 6th day of December, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge