IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01986-REB-MEH

JEFFREY LEONARD VELASQUEZ,

Plaintiff(s),

v.

JOE ORTIZ, Director of Department of Correction;
THOMAS MISEL;
CHARLES OLIN;
PAT MONTEZ; and
REBECCA ERNSTER;

Defendant(s).

## RECOMMENDATION FOR DENIAL OF
## MOTION FOR TEMPORARY INJUCTION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is the Plaintiff's Motion for Temporary Injunction (Docket #12). This case has been referred to me, under the Order of Reference to United States Magistrate Judge, to make recommendations on dispositive matters and rulings on nondispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b). Based upon the record herein, I **recommend** that Plaintiff's motion be denied, without prejudice.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

Plaintiff is a Colorado state prisoner who has filed a *pro se* Prisoner Complaint alleging that the Defendants have violated his constitutional rights. Plaintiff's claims arise out of his classification as a sex offender. He has filed the current motion, seeking a temporary injunction precluding his having to register as a sex offender while incarcerated.

## DISCUSSION

The Court's Order Requiring Service By United States Marshal was filed in this matter on November 2, 2006. However, no returns of service nor waivers of service have yet been filed in this regard. Accordingly, it would appear that the Court currently lacks personal jurisdiction over the Defendants in this case. Additionally, while the Plaintiff indicates he has served copies of his currently pending motion upon the Colorado Attorney General, that office has not yet either indicated it is accepting representation of the Defendants or appeared as counsel of record on their behalf in this case. Plaintiff has provided no proof that he has served these documents upon the Defendants individually. All motions must be served upon the opposing party or their counsel. *See* FED.R.CIV.P. 5(a).

Given the nature of the allegations made by the Plaintiff in his motion, it is appropriate to consider the motion as one for injunction and/or a temporary restraining order under Fed.R.Civ.P. 65. However, Plaintiff has neglected to abide by Fed.R.Civ.P. 65(a) and 65(b), and the applicable Local Rule of the District of Colorado, D.C.Colo.LCivR 65.1.

Rule 65(a)(1) states that "[n]o preliminary injunction shall be issued without notice to the adverse party." Rule 65(b) states, in part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.

Plaintiff has made no indication to the Court that he has given notice or attempted to give notice to the individual Defendants of this motion and no counsel of record has entered an appearance on their behalf. Plaintiff has supplied no facts to demonstrate that notice should not be required. Further, the record in this case demonstrates that the Disposition of Administrative Review concerning Plaintiff's classification as a sex offender was issued on March 16, 2006, but that this action was not filed until approximately seven months later. While the allegations of the Plaintiff are serious, they do not warrant consideration before the adverse parties or their attorney can be heard in opposition.

Finally, in regard to *ex parte* applications, Local Rule 65.1(A)(2) provides that the Court will not consider such a motion unless the requirements of Rule 65(b) have been met. Plaintiff has failed to do so with regard to attempts at giving notice or demonstrating why notice should not be required. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The Court should not be the *pro se* litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). Accordingly, Plaintiff's motion should be denied, without prejudice.

## CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that Plaintiff's Motion for Temporary Injunction [Filed November 17, 2006; Docket #12] be **denied**.

Dated at Denver, Colorado, this 7th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge