IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01986-REB-MEH

JEFFREY LEONARD VELASQUEZ,

    Plaintiff,

v.

JOE ORTIZ, Director of Dept. of Corrections,
THOMAS MISEL,
CHARLES OLIN,
PAT MONTEZ, and
REBECCA ERNSTER,

    Defendants.
_____

**RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Defendants have filed a Motion for Summary Judgment (Docket #18),[1] and it has been referred to this Court (Docket #19). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion for Summary Judgment be **granted**, resulting in the case being dismissed in its entirety.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need

---

[1] The Court reminds Defendants' counsel that a motion for summary judgment is not a responsive pleading under the Federal Rules of Civil Procedure and may not be filed *in lieu of* an answer when a Complaint has been properly served or service has been waived.

not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Plaintiff, an inmate with the Colorado Department of Corrections (CDOC), was sentenced to the custody of the CDOC for a crime unrelated to any sexual conduct. Once confined, the CDOC commenced a proceeding to classify Plaintiff as S-4 under CDOC Administrative Regulation 700-19 ("individuals whose history indicates sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense. This category also includes misdemeanor conviction . . . for sex offenses"). This was based on a case from Pueblo County District Court, Case No. 00CR0593, which charged Plaintiff with First Degree Sexual Assault, a case that was later dismissed. In that proceeding, the government alleged that Plaintiff forced anal penetration on an unwilling victim. Regarding this charge, Plaintiff participated in a voluntary polygraph examination on November 18, 2005, the result of which the examiner opined that Plaintiff's scores indicated deception regarding the following question: "On April 2, 2000, did you physically force Marsha to have sexual contact with you?" The CDOC also

relied on a case from 2004, Case No. 04CR0842, in which Plaintiff was charged with Attempted Sexual Assault - Overcome a Victim's Will. In that matter, Plaintiff pleaded guilty to a Possession of a Schedule II Controlled Substance, and all other charges were dropped. The allegations in that case included Plaintiff dragging a female victim to a bedroom, attempting to pull her shorts and panties down, and reports from the victim that she believed she was going to be raped.

In the present case, the Plaintiff has alleged in the Complaint that the S-4 classification is unconstitutional because it deprives him of certain benefits (loss of good time credits, denial of parole, higher security classification) without a finding of guilt of a sex offense. The Defendants have submitted proof that Plaintiff was provided notice, and an opportunity to be heard and present evidence on the issue of the S-4 classification; that Plaintiff participated in an administrative hearing at which he challenged the CDOC's evidence and submitted evidence of his own; that there was some evidence supporting the classification; and that thereafter, CDOC sustained the S-4 classification and provided Plaintiff with written findings to that effect. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (discussing constitutionally minimum requirements and citing cases). Plaintiff does not raise any allegation regarding his ability to present his case at the administrative hearing.

Defendants now move for summary judgment, contending that Plaintiff was provided all the process that was due; that he was properly classified as S-4; that he has no entitlement to good time credits; and that in any event, he has no remedy for the alleged violation of his civil rights because good time credits apply only to eligibility for parole, and Plaintiff has been eligible for parole since June 25, 2005. Plaintiff's response does not address these arguments.

## **DISCUSSION**

**I.    Standard of Review.**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil

Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

Because the Plaintiff is proceeding without counsel, the Court must construe his pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

## II.  DUE PROCESS CONCERNING CLASSIFICATION OF S-4

Plaintiff essentially claims that being classified as S-4 based solely on an administrative review and prior charges that have been dismissed, without an actual underlying conviction, violates his constitutional rights. The potential adverse consequences of a correctional facility's classification of an inmate as a sex offender, if the inmate *has not been convicted of a sex offense*, may be "something of value entitled to procedural due process." *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237, 1243 (10th Cir. 2000). However, *Chambers* explicitly applied to a factual situation in which an inmate who was classified as a sex offender and who was, for years, still given the full benefit of good time credits, had that benefit removed at some later point. The *arbitrary* removal of the benefit previously given to the sex offender inmate raised, in the Tenth Circuit's opinion, a liberty interest. 205 F.3d at 1243.

In *Gwinn*, the court stated clearly that the classification of a prisoner as a sex offender during incarceration when the prisoner has not been convicted of a sexual offense implicates the prisoner's

5

liberty interests. 354 F.3d at 1218-19. Also in *Gwinn*, as here, the Plaintiff was originally charged in state court with various offenses, including a sexual offense, but he pleaded guilty and was convicted of a non-sexual offense, with all other charges dropped. However, the *Gwinn* court also made clear that sex offender classification in the absence of an actual conviction is constitutional when accompanied by certain procedural protections. Plaintiff does not contest the adequacy of the procedural protections provided here, and the Court finds those procedures complied with *Chambers* and *Gwinn*. Plaintiff has not raised any issue of fact or law in this regard for which a trial would be necessary.

Furthermore, the loss of an opportunity to earn good time credits because of a prisoner's reclassification does not deprive the prisoner of a constitutional right. *Smith v. Ortiz*, No. 05-1211, 2006 WL 620871 (10th Cir. Mar. 14, 2006) (citing *Twyman v. Crisp*, 584 F.2d 352, 356 (10th Cir. 1978)).[2] Moreover, an inmate has no vested right in a particular parole date or parole hearing eligibility date. *Chambers*, 205 F.3d at 1241. However, in *Chambers*, the Tenth Circuit did find that the potential stigmatization of classification as a sex offender, if "*based on bare allegations which are vigorously denied and which have never been tested*," 205 F.3d at 1242 (emphasis added),[3] requires some procedural scrutiny. Unlike the *Chambers* case, Plaintiff's classification was not based

---

[2]In the *Ortiz* case, the inmate was convicted of a prison disciplinary offense, and as a result lost a prison job and was reclassified into administrative segregation. The Chafee County, Colorado district court ordered is conviction expunged. The prison expunged the conviction but left in place most of the consequences of the conviction, including the loss of the job and the loss of good and earned time credits. Because those consequences did not involve the loss of any constitutional rights, the Tenth Circuit affirmed the dismissal of the claims as legally frivolous.

[3]Chambers' classification was based on an incident that occurred prior to his incarceration; prison officials based their decision on an alleged victim's statements, but Chambers was never convicted of any crime arising from those allegations.

on the bare allegations of an accuser, to which the accused was given no opportunity to respond, but rather on a disciplinary hearing that complied with Supreme Court precedent.

Finally, Defendants argue that Plaintiff does not present a justiciable claim, because he complains about the loss of good time credits due to his S-4 classification, yet he has already been eligible for parole for approximately 18 months. The Court agrees. *Martinez-Bey v. Ortiz*, Civil Action No. 05-cv-00907-MSK-MJW, 2006 WL 120330 (D. Colo. Jan. 17, 2006) (holding that plaintiff's claim for loss of good time credits fails because, first, good time credits do not constitute actual service of a sentence and second, plaintiff is already eligible for parole, but the Parole Board has simply declined to parole him, and therefore plaintiff is not entitled to relief).

### III.  QUALIFIED IMMUNITY FOR DEFENDANTS

Public officials performing discretionary functions are accorded qualified immunity from liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In order for officials to lose their qualified immunity, their conduct must violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. To the extent Plaintiff sues Defendants in their individual capacities, based on the analysis above, Plaintiff cannot establish a constitutional violation at all and, therefore, these Defendants are entitled to qualified immunity. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (failure to make out a violation of a clearly established constitutional right is a failure to satisfy necessary threshold inquiry in determination of qualified immunity claim).

### CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **recommended** that Defendants' Motion for Summary Judgment [Filed December 19, 2006; Docket #18] be **granted** and this case dismissed, in its entirety, with prejudice.

Dated at Denver, Colorado, this 31st day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge